IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JAMES MOSES, a/k/a MALIK A'KEEM MUHAMMAD, ) ) ) | |
| Plaintiff, ) ) | No. 1:05-1293-T |
| VS. ) ) | |
| QUENTON WHITE, *et. al.*, ) ) | |
| Defendants. ) | |

ORDER DENYING PLAINTIFF'S EX PARTE MOTION TO PLACE THE
HONORABLE COURT ON JUDICIAL NOTICE

Plaintiff, James Moses a/k/a Malik A'Keem Muhammad ("Moses"), an inmate, commenced this *pro se* civil rights action on October 5, 2005. On January 4, 2006, Moses filed the instant *ex parte* motion seeking to "place" the court on "Judicial Notice" of certain post-complaint misconduct allegedly committed by one or more of the defendant prison employees. In particular, Moses avers that certain defendants employed by the Whiteville Correctional Facility violated internal prison policies by interfering with Moses' receipt of a docket report that the court had mailed to him.[1]  In addition to awarding him "general relief," Moses believes that the court should take judicial notice that these defendants are "predisposed to interfere with . . . [the] present[ation] of this meritorious Complaint" and that

---

[1] Attached to Moses' motion are the following documents: the docket sheet that the court mailed him, the envelope in which the docket sheet arrived, and a complaint that Moses made to the United States Postal Service when he allegedly did not receive his mail.  *See* Pl.'s Mot., Ex.'s A & B.  Obviously, none of these documents render Moses' allegations of mail interference undisputable.

the court should order these defendants to cease the alleged "intimidation and retaliation." Pl.'s *Ex Parte* Mot. at 3.

Alleged adjudicative facts that are subject to a reasonable dispute are not the type of "facts" that may be judicially noticed. FED. R. EVID. 201(b); *see also, e.g., United States v. Coker*, 23 Fed. App'x 413, 415 (6th Cir. 2001) (affirming a district court's refusal to take judicial notice of allegations of official misconduct "that were plainly open to dispute"). Moses' allegations of mail interference, intimidation, and retaliation could be disputed reasonably. His allegations are therefore precisely the type of "facts" that the court should not take judicial notice of.

The court therefore declines to take judicial notice that the defendant prison employees engaged in interference, intimidation, and retaliation. In light of that decision, the court also declines Moses' *ex parte* invitation to issue an order enjoining further interference, intimidation, and retaliation.

IT IS SO ORDERED.

      s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE